UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> RESIDEO TECHNOLOGIES, INC., <br><br> Defendant. | Case No.  6:22-cv-00390 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST RESIDEO TECHNOLOGIES INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Ollnova Technologies Limited ("Plaintiff" or "Ollnova") makes the following allegations against Defendant Resideo Technologies, Inc. ("Defendant" or "Resideo"):

**INTRODUCTION**

1. This complaint arises from Resideo's unlawful infringement of the following United States patents owned by Plaintiff, which relate to smart home energy management: United States Patent Nos. 8,224,282 ("the '282 Patent"), 7,746,887 ("the '887 Patent"), 7,860,495 ("the '495 Patent"), and 8,264,371 ("the '371 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Ollnova Technologies Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.  Ollnova is the sole owner by assignment of

all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3. Defendant Resideo Technologies, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 16100 N 71st Street, Suite 550, Scottsdale, Arizona. Resideo maintains an established place of business at 6801 N. Capitol of Texas Highway, Building 1, Suite 250, Austin, TX 78731.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Resideo in this action because Resideo has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Resideo would not offend traditional notions of fair play and substantial justice. Resideo, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Resideo has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Resideo has at least one regular and established place of business in the District, including at 6801 N. Capitol of Texas Highway, Building 1, Suite 250, Austin, TX 78731.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,224,282

7.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,224,282, titled "Method and device to manage power of wireless multi-sensor devices." The '282 Patent was duly and legally issued by the United States Patent and Trademark Office on July 17, 2012. A true and correct copy of the '282 Patent is attached as Exhibit 1.

9.     On information and belief, Resideo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Resideo T10 Pro Smart Thermostat, T9 Smart Thermostat, Round Smart Thermostat, T6 Pro Thermostat, WiFi Color Touchscreen Thermostat, WiFi 9000 Color Touchscreen Thermostat, VisionPro 8000 WiFi Programmable Thermostat, and WiFi FocusPro 600 Programmable Thermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '282 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

10.    The Accused Products satisfy all claim limitations of one or more claims of the '282 Patent. A claim chart comparing exemplary independent claim 13 of the '282 Patent to representative Accused Products is attached as Exhibit 2.

11.    Resideo also knowingly and intentionally induces infringement of one or more claims of the '282 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Resideo has knowledge of the '282 Patent and the infringing nature of the

3

Accused Products. Despite this knowledge of the '282 Patent, Resideo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 2) to use the Accused Products in ways that directly infringe the '282 Patent. For example, Resideo instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://www.resideo.com/us/en/pro/products/air/thermostats/wifi-thermostats/t10-pro-smart-thermostat-with-redlinkr-room-sensor-thx321wfs2001w-u/ (installation guide for T10 Pro Smart Thermostat). Resideo also promotes that the Accused Products (such as the T10 Pro Smart Thermostat) contain a plurality of sensors and can be used to communicate with other Resideo products, such as the RedLINK Room Sensor, or a handset/tablet in an infringing manner:

**PRODUCT OVERVIEW**

The T10 Pro Smart with RedLINK™ Room Sensor allows homeowners to prioritize comfort in the rooms that matter most, using time-based scheduling, motion detection or geofencing. Focus airflow in the rooms your customers want, when they want it for optimum comfort.

- Smart WiFi thermostat with RedLINK™ technology
- Color graphical LCD touchscreen display
- Configurable daytime and nighttime backlight settings
- 3H/2C Heat Pump or 2H/2C Conventional
- Controls Humidification, Dehumidification, or Ventilation
- Demand Response Program availability
- On-screen menus with familiar installer setup (ISU) steps
- Optional geofencing
- Flexible programming (7, 5-2, 5-1-1, 1, Off)
- Location-based temperature control
- Optional IAQ control
- Dual Fuel compatible
- Utilizes the Honeywell Home App
- Works with Amazon Echo, Google Assistant, and more
- ENERGY STAR® Certified
- Supports Wi-Fi 802.11 B/G/N 2.4 and 5 GHz

*See* https://www.resideo.com/us/en/pro/products/air/thermostats/wifi-thermostats/t10-pro-smart-thermostat-with-redlinkr-room-sensor-thx321wfs2001w-u/#specifications.

**Thermostat Features**

Flexible scheduling: You can choose to use location-based temperature control (geofence technology), program a set schedule or use a combination of both to make sure your home is always comfortable.

- **Location-based temperature control:** Using geofence technology, the T10 Pro Smart thermostat will automatically use your smartphone's location, which can save you energy when you leave and make your home comfortable by the time you return.

*See* https://digitalassets.resideo.com/damroot/Original/10003/33-00428.pdf?_ga=2.81212887.1730928502.1648760937-198742823.1648579726. Resideo provides these instructions and materials knowing and intending (or with willful blindness to the

4

fact) that its customers and end users will commit these infringing acts. Resideo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '282 Patent, thereby specifically intending for and inducing its customers to infringe the '282 Patent through the customers' normal and customary use of the Accused Products.

12. Resideo has also infringed, and continues to infringe, one or more claims of the '282 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '282 Patent, are especially made or adapted to infringe the '282 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Resideo has knowledge of the '282 Patent and the infringing nature of the Accused Products. Resideo has been, and currently is, contributorily infringing the '282 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Resideo has injured Plaintiff and is liable for infringement of the '282 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Resideo's infringement of the '282 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Resideo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Resideo, together with interest and costs as fixed by the Court.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,746,887

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,887, titled "Dynamic value reporting for wireless automated systems." The '887 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010. A true and correct copy of the '887 Patent is attached as Exhibit 3.

17. On information and belief, Resideo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Resideo T10 Pro Smart Thermostat and T9 Smart Thermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '887 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

18. The Accused Products satisfy all claim limitations of one or more claims of the '887 Patent. A claim chart comparing exemplary independent claim 1 of the '887 Patent to representative Accused Products is attached as Exhibit 4.

19. Resideo also knowingly and intentionally induces infringement of one or more claims of the '887 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Resideo has knowledge of the '887 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '887 Patent, Resideo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 4) to use the Accused Products in ways that directly infringe the '887 Patent. For example, Resideo also encourages its customers and end users to utilize the Resideo scheduling features in an infringing manner. *See, e.g.*, https://digitalassets.resideo.com/damroot/Original/10003/33-

00428.pdf?_ga=2.195735788.1551073393.1648570426-1981420402.1648570426 at 3-6, 14-17. Resideo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Resideo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '887 Patent, thereby specifically intending for and inducing its customers to infringe the '887 Patent through the customers' normal and customary use of the Accused Products.

20. Resideo has also infringed, and continues to infringe, one or more claims of the '887 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '887 Patent, are especially made or adapted to infringe the '887 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Resideo has knowledge of the '887 Patent and the infringing nature of the Accused Products. Resideo has been, and currently is, contributorily infringing the '887 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Resideo has injured Plaintiff and is liable for infringement of the '887 Patent pursuant to 35 U.S.C. § 271.

22. As a result of Resideo's infringement of the '887 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Resideo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Resideo, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,860,495

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,860,495, titled "Wireless building control architecture." The '495 Patent was duly and legally issued by the United States Patent and Trademark Office on December 28, 2010. A true and correct copy of the '495 Patent is attached as Exhibit 5.

25. On information and belief, Resideo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Resideo T10 Pro Smart Thermostat and T9 Smart Thermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '495 Patent, including through Resideo's sale of infringing systems, own use, and/or testing of the Accused Products. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

26. The Accused Products satisfy all claim limitations of one or more claims of the '495 Patent. A claim chart comparing exemplary independent claim 1 of the '495 Patent to representative Accused Products is attached as Exhibit 6.

27. Resideo also knowingly and intentionally induces infringement of one or more claims of the '495 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Resideo has knowledge of the '495 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '495 Patent, Resideo continues to actively

encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 6) to use the Accused Products in ways that directly infringe the '495 Patent. For example, Resideo provides users with instructions on how to install the Accused Products (such as the T10 Pro Smart Thermostat with RedLINK Sensor) to operate using two wireless communications protocols (for example, WiFi (802.11 b/g/n (2.4GHz/5GHz) and RedLINK 900MHz). *See, e.g.*, https://www.resideo.com/us/en/pro/products/air/thermostats/wifi-thermostats/t10-pro-smart-thermostat-with-redlinkr-room-sensor-thx321wfs2001w-u/ (instructions on how to install and set up T10 Pro Smart Thermostat); https://customer.resideo.com/en-US/Pages/Product.aspx?cat=HonECC+Catalog&pid=C7189R2002/U&category=&selectTab=literatureTab (instructions to set up and install RedLINK Sensor). Resideo also encourages customers and end users to infringe the '495 Patent by explaining that certain of its products operate utilizing multiple wireless communications protocols (such as the T10 Pro Smart Thermostat), but that other compatible products (such as the RedLINK Sensor) are only capable of communicating utilizing certain wireless communications protocols and by selling the T10 Pro Smart Thermostat with the RedLINK Sensor:

T10 Pro Smart Thermostat

  

**Advanced connectivity and reliability**

- Connects directly to the home's Wi-Fi network, enabling control through the Honeywell Home app and integration with voice-control technologies
- Communicates to RedLINK™ Room Sensors via RedLINK™ wireless technology, helping ensure a strong, uninterrupted connection between devices *(no RedLINK™ Internet Gateway required!)*

**Simple installation and setup**

- The UWP mounting system and common wiring interface help simplify and standardize the install process
- On-thermostat configuration, sensor pairing and Wi-Fi connection process help streamline setup

**Smart features and functionality**

- Works with Honeywell Home partners like Amazon Alexa, Apple HomeKit and Google Assistant to provide the ultimate connected experience
- Geofencing can use the homeowner's smartphone location to tell the T10 Pro Smart Thermostat when they're away, so it can automatically switch to an energy-saving setpoint to conserve energy

*See* https://digitalassets.resideo.com/damroot/Original/10006/03-00457.pdf?_ga=2.114027279.986339629.1648781311-576565435.1648047912.

RedLINK Sensor



**RedLINK™ Room Sensor product features**

- Senses temperature, humidity and motion
- Features a 200-ft. range from thermostat to sensor, which is greater than the advertised range of other sensors
- Powerful RedLINK™ wireless signal is designed to transmit reliably through most building materials.
- Up to 20 sensors can be connected per thermostat

*See* https://digitalassets.resideo.com/damroot/Original/10006/03-00457.pdf?_ga=2.201503569.1551073393.1648570426-1981420402.1648570426. Resideo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Resideo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of

10

the '495 Patent, thereby specifically intending for and inducing its customers to infringe the '495 Patent through the customers' normal and customary use of the Accused Products.

28. Resideo has also infringed, and continues to infringe, one or more claims of the '495 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '495 Patent, are especially made or adapted to infringe the '495 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Resideo has knowledge of the '495 Patent and the infringing nature of the Accused Products. Resideo has been, and currently is, contributorily infringing the '495 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

29. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Resideo has injured Plaintiff and is liable for infringement of the '495 Patent pursuant to 35 U.S.C. § 271.

30. As a result of Resideo's infringement of the '495 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Resideo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Resideo, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,264,371

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,264,371, titled

"Method and device for communicating change-of-value information in a building automation system." The '371 Patent was duly and legally issued by the United States Patent and Trademark Office on September 11, 2012. A true and correct copy of the '371 Patent is attached as Exhibit 7.

33. On information and belief, Resideo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation the Resideo T10 Pro Smart Thermostat and T9 Smart Thermostat ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '371 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.

34. The Accused Products satisfy all claim limitations of one or more claims of the '371 Patent. A claim chart comparing exemplary independent claim 13 of the '371 Patent to representative Accused Products is attached as Exhibit 8.

35. Resideo also knowingly and intentionally induces infringement of one or more claims of the '371 Patent in violation of 35 U.S.C. § 271(b). As of at least the filing and service of this complaint, Resideo has knowledge of the '371 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '371 Patent, Resideo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 8) to use the Accused Products in ways that directly infringe the '371 Patent. For example, Resideo instructs its customers and end users on how to install and use the Accused Products in an infringing manner. *See, e.g.*, https://www.resideo.com/us/en/pro/products/air/thermostats/wifi-thermostats/t10-pro-smart-thermostat-with-redlinkr-room-sensor-thx321wfs2001w-u/ (instructions on how to install and set

up T10 Pro Smart Thermostat). Resideo also encourages its customers and end users to utilize the Resideo scheduling features in an infringing manner. *See, e.g.*, https://digitalassets.resideo.com/damroot/Original/10003/33-00428.pdf?_ga=2.195735788.1551073393.1648570426-1981420402.1648570426 at 3-6, 14-17. Resideo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Resideo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '371 Patent, thereby specifically intending for and inducing its customers to infringe the '371 Patent through the customers' normal and customary use of the Accused Products.

36. Resideo has also infringed, and continues to infringe, one or more claims of the '371 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '371 Patent, are especially made or adapted to infringe the '371 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least the filing and service of this complaint, Resideo has knowledge of the '371 Patent and the infringing nature of the Accused Products. Resideo has been, and currently is, contributorily infringing the '371 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).

37. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Resideo has injured Plaintiff and is liable for infringement of the '371 Patent pursuant to 35 U.S.C. § 271.

38. As a result of Resideo's infringement of the '371 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Resideo's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Resideo, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Resideo has infringed, either literally and/or under the doctrine of equivalents, the '282, '887, '495, and '371 Patents;

b. A judgment and order requiring Resideo to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Resideo's infringement of the '282, '887, '495, and '371 Patents;

c. A judgment and order requiring Resideo to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

d. A judgment and order requiring Resideo to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Resideo; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  April 15, 2022                    Respectfully submitted,

                                          */s/ Reza Mirzaie*

                                          Reza Mirzaie (CA SBN 246953)
                                          rmirzaie@raklaw.com
                                          Brett E. Cooper (NY SBN 4011011)
                                          bcooper@raklaw.com
                                          Marc A. Fenster (CA SBN 181067)
                                          mfenster@raklaw.com
                                          Seth Hasenour (TX SBN 24059910)
                                          shasenour@raklaw.com
                                          Drew B. Hollander (NY SBN 5378096)
                                          dhollander@raklaw.com
                                          RUSS AUGUST & KABAT
                                          12424 Wilshire Blvd. 12th Floor
                                          Los Angeles, CA 90025
                                          Phone: (310) 826-7474
                                          Facsimile: (310) 826-6991

                                          ***Attorneys for Plaintiff Ollnova Technologies Limited***